UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SUSAN H. POON., No. 78678-112,  Petitioner,  v.  KEVIN MCCOY, Warden of FCI-Greenville,  Respondent. | Case No. 24-cv-752-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Susan H. Poon's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1). The petitioner is incarcerated at the Federal Correctional Institute Camp at Greenville, Illinois ("FCI-Greenville"), where respondent Kevin McCoy is the warden. The petitioner is challenging the computation of her sentence, including time she spent in the Federal Correctional Institute at Dublin, California ("FCI-Dublin") after self-reporting pursuant to her BOP designation.

This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other *habeas corpus* cases.

In April 2022, the petitioner was sentenced by the United States District Court for the Central District of California for fraud, false statements, and identity theft. *United States v. Poon*, No. 8:19-cr-00162-DOC-1 (C.D. Cal.). She is currently incarcerated at FCI-Greenville

with a projected release date of May 29, 2027. *See* BOP, Find an Inmate, https://www.bop.gov/inmateloc/ (visited Apr. 17, 2024). She claims that the BOP has incorrectly calculated her release date because it did not give her credit for time served after she self-reported to FCI-Dublin, her BOP designated institution. Apparently, because of allegations of rampant sexual abuse at FCI-Dublin, the facility was not accepting new inmates at the time Poon self-reported, so she was placed in FCI-Dublin's special housing unit ("SHU") for lack of anywhere else to put her while she was redesignated to another facility. She claims she spent 38 days in the SHU at FCI-Dublin but has not been given credit for that time or for credits due under the First Step Act as a result of that time.

A petitioner may bring a petition under 28 U.S.C. § 2241 to challenge the fact or duration of the petitioner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). This includes claims for improper sentence computation under 18 U.S.C. §§ 3584 and 3585. *See Pope v. Perdue*, 889 F.3d 410 (7th Cir. 2018). Thus, the petitioner's claims are properly raised in this § 2241 petition. Accordingly, it is not plainly apparent that the petitioner is not entitled to habeas relief. Without commenting on the merits of the petitioner's claims, the Court concludes that the § 2241 petition survives preliminary review pursuant to Rule 4, and the Court will order a response.

**IT IS THEREFORE ORDERED** that the respondent shall answer or otherwise plead on or before May 17, 2024. This preliminary order to respond does not preclude the respondent from raising any objection or defense the respondent may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

The petitioner is **ADVISED** of her continuing obligation to keep the Clerk and opposing

parties informed of any change in the petitioner's whereabouts during the pendency of this action.  This notification must be in writing no later than 7 days after a transfer or other change in address.  Failure to provide notice may result in dismissal of this action.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**
**DATED:  April 17, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
